IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
TOPEKA, KANSAS

MARY LONG,

                    Plaintiff,

v.                                              Case No. 06-4012-RDR-KGS

BRUCE DICKSON, IV, and FRANK PASE,
as an agent and employee of
Topeka, Kansas and as individual,
and THE CITY OF TOPEKA, KANSAS,

                    Defendants.

_____

## **PROTECTIVE ORDER**

      This matter comes before the court on the motion of the defendant City of Topeka for a protective order. The plaintiff has make allegations regarding alleged policies by the Topeka Police Department and alleged practices of Topeka Police officers, and has stated in her pleadings allegations concerning traffic accidents that are not themselves directly the subject of this lawsuit, as such pertain to an alleged pattern. The court believes that this Protective Order will expedite disclosure of information and production of documents, preserve the confidentiality of such information, protect privacy interests of the parties and non-parties, and help to avoid potential discovery disputes relating to information that is designated confidential. The Court hereby orders as follows:

      1. The provisions of this Protective Order may be applied to all documents, materials, evidence, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, local rules of this court, or order of

this court. It is contemplated that the City of Topeka may provide or be asked to provide documents and/or information regarding (1) former and/or current employees, of a confidential nature, such as personnel records and other information referring to or discussing the job performance of or employment actions concerning such current or former employees; and/or (2) regarding Topeka Police Department policies and/or procedures; and/or (3) regarding investigative reports and/or information concerning traffic accidents and/or police conduct concerning events other than the specific traffic accident that is the subject of this lawsuit.

2. As used in this Protective Order, "document" is defined as provided by Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. Additionally documents containing information that summarizes or which is drawn from a confidential document shall be deemed confidential.

3. One who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information contains nonpublic personal, personnel, employment, private, law enforcement, or other information implicating privacy interests described above may designate such documents or information in good faith as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4. Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and for no other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except as specified in this paragraph:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;

(c)  the parties to this lawsuit, including representatives of Defendant City of Topeka;

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or     other proceedings in this case;

(e)      the Court and its employees, including persons who assist in settlement negotiations between the parties to this lawsuit ("Court Personnel");

(f)      stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

(g)      deponents in this lawsuit in connection with their testimony about such materials in this lawsuit; and

(h)  other persons by prior written agreement of the parties.

5. Prior to disclosing any Confidential Material to any person listed in paragraph 4 above (other than counsel, persons employed by counsel, Court personnel and stenographic reporters, and videographers), counsel shall provide such person with a copy of the Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary

to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this Protective Order for their own purposes or in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future.

7. No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8. Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Protective Order and the limitations on its use and disclosure.

9. Documents are designated as Confidential Material by placing or affixing on them (in a manner

that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Documents already disclosed in initial disclosures, supplemental disclosures, or in responses to written discovery, may be stamped or designated in writing as CONFIDENTIAL by one party after full disclosure has been given to all non-designating counsel that such designation will take place. Records secured by any party pursuant to a release of information may be designated as confidential by indicating on the release that the materials are deemed Confidential.

10. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated Confidential shall also be bound separately.

11. A party may object to the designation of particular documents as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. The parties will make a good faith effort to resolve the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this

Protective Order. If such a motion is filed within the ten (10) business days required above, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. After the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential Material shall be returned within thirty (30) days to the party that designated the material as Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13.  In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information used therein under seal.  In the event the court grants the party's motion, such information shall be maintained under seal by the Court and shall be treated as Confidential.[1]

14. This Protective Order may be modified by the Court at any time for good cause shown

---

[1]*See, e.g., Holland v. GMAC Mortg. Corp.,* 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) (setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka,* 2004 WL 316073 (D. Kan. Feb. 17, 2004) (same).

following notice to all parties and an opportunity for them to be heard.

15. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of confidential documents or information sought.

16. The provision of this Order shall not terminate at the conclusion of the litigation and shall continue forward unless modified by Court Order.

IT IS SO ORDERED.

Dated this 15th day of June, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
United States Magistrate Judge

-7-